IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM H. BAILEY,<br><br>    Petitioner,<br><br>v.<br><br>GOLDEN STATE FOODS CORP.,<br><br>    Respondent. | Civil Action File No.<br><br>_____ |

## NOTICE OF REMOVAL

TO:   The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division

Respondent Golden State Foods Corp. ("Respondent") respectfully files this Notice of Removal of this action to this Court from the Superior Court of Rockdale County, Georgia, where it is now pending, in accordance with 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and specifically reserves its right to contest the propriety of service in this matter. Respondent supports this removal as follows:

**I.    INTRODUCTION**

1.    On March 12, 2012, Petitioner William H. Bailey ("Petitioner") filed the above-styled action in the Superior Court of Rockdale County, Georgia, Civil

Action No. 2012CV1346I, seeking an order to vacate an arbitration award entered in favor of Respondent on December 13, 2011. The arbitrator was appointed and the arbitration was conducted under the authority, rules and regulations of the Federal Mediation and Conciliation Service.[1]

2.  Respondent received a Summons and a copy of the Petition on March 16, 2012.

3.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed with this Court within thirty (30) days of the Respondent's receipt of the Summons and a copy of the Petition.

4.  No further proceedings have been filed in the Superior Court of Rockdale County, Georgia, with regard to this action, and the Petition and process constitute the only pleading and process filed in this matter to date. A true and correct copy of the Petition and process are attached hereto as **Exhibit "A"**.

5.  This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Petitioner seeks relief pursuant to the Labor-Management Relations Act of 1947, 29 U.S.C. § 129 *et seq* ("LMRA"), over which this Court has federal question jurisdiction.

---

[1] *In re* Discharge of Bill Bailey, FMCS 1110701-57038-3 (*See* Arbitration Decision dated December 13, 2011, attached to Petition, at 1.)

6. This Court also has supplemental jurisdiction over Petitioner's state law claims pursuant to 28 U.S.C. § 1367 because they are joined with Petitioner's separate and independent federal causes of action, over which this Court has federal-question jurisdiction.

7. Notice to the Superior Court of Rockdale County, Georgia, which includes a duplicate of this Notice of Removal, is being filed with the Clerk of the Superior Court of Rockdale County, Georgia, as provided by 28 U.S.C. § 1446(d). A copy of this Notice is attached as **Exhibit "B"**.

8. Written notice of the filing of this Notice of Removal will be sent to Petitioner, the only adverse party, as provided in 28 U.S.C. § 1446(d). A copy of this notice is attached as **Exhibit "C"**.

## II.  JURISDICTION

9. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Petitioner seeks relief pursuant to the LMRA, 29 U.S.C. § 129 *et seq*, and appears to have placed the Fifth and Fourteenth Amendments to the U.S. Constitution at issue. In addition, to the extent Petitioner alleges any state law claims, this Court also has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

### A. Federal Question Jurisdiction Based on the Labor Management Relations Act of 1947

10. Respondent and Bakery, Confectionary, Tobacco Workers and Grain Millers International Union, Local 42 ("Labor Union") were parties to a collective bargaining labor contract dated February 29, 2008 ("Labor Contract"). (*See* Arbitration Decision, at 3.) Petitioner was a member of the bargaining unit covered by the Labor Contract. (*Id.*)

11. Petitioner was discharged from employment with Respondent on June 16, 2011. (*Id.*) In response, the Labor Union filed a grievance on Petitioner's behalf. (*Id.* at 8.) A hearing on the grievance was held on September 16, 2011, and Petitioner participated in said hearing. (*See* Petition ¶ 2.)

12. On December 13, 2011, the arbitrator denied the grievance, stating that Respondent had "just cause" to discharge Petitioner. (Arbitration Decision, at 1 and 15.)

13. Petitioner filed his Petition in the Superior Court of Rockdale County, Georgia, challenging the December 13, 2011 arbitration award granted in favor of Respondent and seeking an order to vacate that award. (*See* Petition, generally.) Specifically, Petitioner claims that his rights during the arbitration proceeding were prejudiced due to: (1) corruption, fraud or misconduct of a nonparty witness; (2)

partiality of the arbitrator; (3) excessive exercise of authority by the arbitrator; and (4) the arbitrator's disregard of law and fact. (Petition ¶¶ 3-6.)

14.     The arbitration award was rendered pursuant to an arbitration provision in a collective bargaining agreement, which can be enforced through the LMRA. *See United Steel, Paper and Forestry, Rubber, Mfg, Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 642 F.3d 1344, 1349 (11th Cir. 2011). The LMRA governs suits to enforce or vacate an arbitration award arising out of a collective bargaining agreement. *Id.* at 1352. The Petition directly places at issue the propriety of the arbitration hearing held on September 16, 2011, and the legitimacy of the arbitration award granted to Respondent on December 13, 2011.

15.     The LMRA is rooted in federal law because "[b]y virtue of the Commerce Clause ... Congress has the power to regulate all labor controversies in or affecting state commerce." *United Auto. Aircraft & Agric. Implement Workers of Am. v. Wisconsin Emp't Relations Bd.*, 351 U.S. 266, 271, 76 S. Ct. 794, 797 (1956) (citing U.S. CONST. Art. I, § 8, cl. 3). The Labor Contract in this case comes within the purview of the LMRA, which mandates a particular system of collective bargaining, and the Petitioner challenges the arbitration award and the arbitrator's exercise of power pursuant to the Labor Contract. Accordingly,

because the power to regulate all labor controversies in or affecting state commerce resides with the federal government, the claims raised in the Petition (which place this power at issue) arise under the laws of the United States. Therefore, Petitioner's challenges give rise to federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**B.     Federal Question Jurisdiction Based on the U.S. Constitution**

16.    Petitioner places the Fifth and Fourteenth Amendments to the U.S. Constitution at issue. (Petition ¶ 6.)  Specifically, with respect to the arbitration that was conducted pursuant to federal law and by an arbitrator appointed by the Federal Mediation and Conciliation Service, Petitioner alleges that "[t]he arbitrator disregarded … the denial of Petitioner's due process rights with regard to the investigation and determination of the matter by [Respondent]." (*See id.*)

17.    Pursuant to 28 U.S.C. § 1331, a district court shall have original jurisdiction over all civil actions arising under the Constitution.  Accordingly, this Court has original jurisdiction over those claims.

**D.     Supplemental Jurisdiction Over Petitioner's State Law Claims**

18.    Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Petitioner's fraud claim and any other state law claims Petitioner may purportedly be attempting to assert in his Petition because they are joined with

Petitioner's separate and independent federal causes of action, over which this Court has federal question jurisdiction. *See, e.g., BellSouth Telecomm., Inc. v. MCImetro Access Transmission Servcs., Inc.*, 317 F.3d 1270, 1288 (11th Cir. 2003) (citing *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997)).

### III.   CONCLUSION

19.   Respondent respectfully requests the opportunity to brief and argue before this Court any issues or questions concerning the removal of this case in the event that remand is sought by Petitioner or otherwise visited by this Court.

**WHEREFORE**, Respondent Golden State Foods Corp. requests that the above-referenced case now pending in the Superior Court of Rockdale County, Georgia, be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted, this 2nd day of April, 2012.

Rodney G. Moore
Georgia Bar No. 520715
rgmoore@bakerdonelson.com
Jennifer L. Ervin
Georgia Bar No. 061076
jervin@bakerdonelson.com

*Counsel for Respondent Golden State Foods Corp.*

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Fax 404-221-6501

## Certificate of Compliance with Rule 5.1C

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

_____
Jennifer L. Ervin
Georgia Bar No. 061076

*Counsel for Respondent Golden State Foods Corp.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM H. BAILEY,<br>    Petitioner,<br><br>v.<br><br>GOLDEN STATE FOODS CORP.,<br>    Respondent. | Civil Action File No.<br>_____ |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** on all parties by depositing same in the United States Mail, via first-class prepaid, and via electronic mail addressed as follows:

Drew Mosley<br>
Drew Mosley LLC<br>
600 South Perry Street<br>
Lawrenceville, GA 30046<br>
Email: drew@mlawmail.com

**April 2, 2012**                                           **/s Jennifer L. Ervin**
Date                                                            Jennifer L. Ervin
                                                                      Georgia Bar 061076
                                                                      *Counsel for Respondent*