**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| William H. Bailey, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:12-cv-01128-JOF |
| : | |
| Golden State Foods Corp., et al., : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

This matter is before the court on Defendants' motions to dismiss [2, 10, 19].

**I.    Background**

    **A.    Procedural History**

On March 12, 2012, Plaintiff, William H. Bailey, filed a petition to vacate an arbitration award against Defendant, Golden State Foods Corp. ("Golden State"), in the Superior Court of Rockdale County, Georgia. Defendant properly removed the action to this court on April 2, 2012. Subsequently, Plaintiff filed an Amended Complaint in this court on April 30, 2012, in which Plaintiff added Defendant Bakery, Confectionary, Tobacco

Workers and Grain Millers International Union, Local 42 ("Union").[1] On May 17, 2012, Defendant Golden State filed a motion to dismiss, and on June 29, 2012, Defendant Union filed its own motion to dismiss.[2][3]

### B.     Facts

Plaintiff was employed by Defendant Golden State as a maintenance technician in Conyers, Georgia, from January 31, 2005 until June 16, 2011. *See* Am. Compl. ¶ 4, Docket Entry [7]. On June 16, 2011, Plaintiff was terminated from his employment by Human Resources Manager Kim Donahue. *Id*. ¶ 5. Ms. Donahue cited allegations that Plaintiff had violated Golden State's policy (Group I, Rule 17) for what she perceived as a credible threat to murder his supervisor. *Id*. Plaintiff asserts that his statements were not a credible threat but were harmless venting of frustration. *Id*. ¶¶ 6-7. Furthermore, Plaintiff alleges that Ms. Donahue never asked him what he meant or if he intended harm to his supervisor. *Id*. ¶ 8.

---

[1] Plaintiff filed a motion to add a party on May 1, 2012, which was granted on May 23, 2012.

[2] Defendant Golden State previously filed a motion to dismiss on April 6, 2012. *See* Docket Entry [2]. In light of Plaintiff's Amended Complaint, the court DENIES AS MOOT Defendant Golden State's motion to dismiss [2].

[3] On July 23, 2012, Plaintiff filed a Second Amended Complaint. Plaintiff did not obtain Defendants' consent or seek leave of the court to file this Second Amended Complaint, as required by the Federal Rules. *See* FED. R. CIV. P. 15(A). Furthermore, the parties have already briefed Defendants' motions to dismiss Plaintiff's Amended Complaint. Thus, the court will disregard Plaintiffs' Second Amended Complaint and address the parties' arguments relating to Plaintiffs' Amended Complaint.

2

Additionally, Plaintiff contends that the Union never gave him an opportunity to tell his side of the story. *Id*.

Plaintiff further alleges that his termination was due to a "series of trumped up charges" in which the Union failed to support or properly represent him and actually advocated against him. *Id*. ¶ 9. On December 13, 2011, an arbitration award was granted in favor of Defendant Golden State. Plaintiff is seeking an order vacating the arbitration award and reinstating him to his former employment. Plaintiff also raises a breach of contract claim in that Defendant Golden State violated the collective bargaining agreement and that Defendant Union breached its duty of fair representation.

### C.     The Arbitration

Plaintiff also attaches the Arbitration Award to his Complaint and therefore the court may consider it on Defendants' motion to dismiss. In the arbitration, Defendant Golden State had the burden of proof. Golden State argued there was just cause to discharge Plaintiff based on his conduct and the company's "zero tolerance" policy towards workplace violence. Additionally, Golden State cited numerous arbitral awards that held it was not necessary for an employer to interview the grievant prior to issuing discipline so long as there was just cause. Golden State asserted that Plaintiff's history of combative, intimidating and uncooperative behavior during disciplinary meetings demonstrated he could not have helped his case through an interview. Finally, Defendant Golden State maintained

3

that its decision to terminate Plaintiff was entirely unrelated to Plaintiff's holiday pay-related grievances.

In the arbitration, the Union argued that Golden State did not conduct a fair and impartial investigation prior to its decision to terminate Plaintiff. The Union asserted that if Golden State had interviewed Plaintiff, he would have disputed the third party description of his "threat." Additionally, the Union maintained that Golden State did not prove that Plaintiff violated the Work Rules but rather Golden State terminated Plaintiff in retaliation for previous events.

The arbitrator found that Plaintiff had adequate notice of Golden State's Work Rules and of the Violence Policy. Despite the fact that Plaintiff was not interviewed by management prior to his termination, the arbitrator held that the investigation was adequate. The conduct at issue was witnessed by other employees who testified against Plaintiff. The arbitrator determined that these employees had less reason to lie about the events than Plaintiff did. Furthermore, the collective bargaining agreement did not require a pre-termination interview of the discharged employee. The arbitrator deferred to Golden State in its assessment of the Plaintiff's threat. Finally, the arbitrator held that it was not unreasonable for Golden State to determine Plaintiff posed a risk to the workplace and as a result the decision to terminate was appropriate.

**D.    Contentions**

4

Defendant Golden State maintains that Plaintiff does not have standing to challenge the validity of the arbitration award, and even if he did, his Complaint fails to state a claim upon which relief can be granted. Both Defendants contend that Plaintiff did not set forth any facts or allegations that are sufficient to vacate the arbitration award. Furthermore, Defendant Union alleges that Plaintiff failed to perfect service and also failed to name Defendant Union in the caption to the amended Complaint. Plaintiff argues that he has adequately stated a claim that is plausible on its face. Plaintiff insists that Defendant Golden State violated the collective bargaining agreement and that both Defendants did not follow proper procedures.

## II.     Discussion

### A.     Legal Standard

When ruling on a motion to dismiss under Rule 12(b)(6), the court shall accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

5

### B.      Section 301 of the Labor Management Relations Act

Generally, an individual employee's potential right of action under Section 301 of the Labor Management Relations Act is "presumed to have been delegated to the union as one of its duties as exclusive representative." *Samples v. Ryder Truck Lines, Inc.*, 755 F.2d 881, 886-87 (11th Cir. 1985).[4] However, the individual employee may bring a claim against his employer in court if he can show "both that the employer has breached the collective bargaining agreement and that the union has breached its duty of fair representation in handling the ensuing grievance proceeding." *Id*. at 886.  In this case, Plaintiff's claim for breach of the collective bargaining agreement went to arbitration and was denied. Therefore, the court would be required to vacate the arbitration award to find that Defendant Golden State breached the collective bargaining agreement.  Additionally, the court must find that Defendant Union breached the duty of fair representation for Plaintiff's claim to continue.

---

[4] Although Plaintiff alleges that he was not a member of the Union, he concedes that the collective bargaining agreement between Golden State and the Union controls the employment of all laborers at Golden State's facility, including himself.  *See* Am. Compl. ¶¶ 11-12.

### C.     Vacate the Arbitration Award

Under the Federal Arbitration Act, a court may vacate an arbitration award only under the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.  "Courts are generally prohibited from vacating an arbitration award on the basis of errors of law or interpretation." *O.R. Securities, Inc. v. Professional Planning Associates, Inc.*, 857 F.2d 742, 746 (11th Cir. 1988).  "[T]he court should give considerable leeway to the arbitrator, setting aside his or her decision only in certain narrow circumstances." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Additionally, the moving party "bears the burden of setting forth sufficient grounds to vacate the arbitration award." *Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1014 (11th Cir. 1998).

7

Here, Plaintiff does not raise any allegations pertaining to the circumstances set forth in 9 U.S.C. § 10 under which the court may vacate the arbitration award.[5] In his Amended Complaint and his response to Defendants' motions to dismiss, Plaintiff never addresses the conduct of the arbitrator. Instead, Plaintiff repeatedly asserts that Defendant Golden State violated the collective bargaining agreement. *See* Compl. ¶¶ 14-16. Any alleged violation of the collective bargaining agreement, however, is not a permissible basis upon which to vacate the arbitration award. Furthermore, Plaintiff cannot allege violations of the collective bargaining agreement at this stage because it is those claims which must proceed to arbitration. Therefore, the court has no jurisdiction to consider Plaintiff's breach of contract action in the form of a violation of the collective bargaining agreement.[6] The court GRANTS Defendant Golden State's motion to dismiss.[7]

---

[5] Plaintiff's original Complaint alleged corruption, fraud, or misconduct in the arbitration hearing through distorted testimony from a third-party witness. Additionally, Plaintiff claimed that the arbitrator was partial to Defendant Golden State and overstepped her authority. However, Plaintiff neglected to include any of these allegations in his Amended Complaint. Even so, Plaintiff's original Complaint did not include any facts to support these assertions. His conclusory allegations would not be sufficient to survive a Rule 12(b)(6) motion to dismiss.

[6] Furthermore, Plaintiff is not a party to the collective bargaining agreement as it was between Golden State and the Union.

[7] Both Defendants ask that the court assess attorney's fees against Plaintiff for "bad faith." The court declines to do so.

8

### D. Breach of the Duty of Fair Representation

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational." *Air Line Pilots Ass'n, Intern. v. O'Neill*, 499 U.S. 65, 67 (1991) (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)). Additionally, "a union is allowed considerable latitude in its representation of employees. The grievance and arbitration process is not conducted in a judicial forum and union representatives are not held to strict standards of trial advocacy." *Harris v. Schwerman Trucking Co.*, 668 F.2d 1204, 1206 (11th Cir. 1982).

Here, Plaintiff essentially alleges that Defendant Union did not raise all defenses on his behalf and failed to involve him in the grievance proceedings. However, the report of the arbitrator specifically points out defenses raised by Defendant Union which Plaintiff had alleged were not asserted. Additionally, the arbitrator noted that Defendant Union submitted arguments that the company did not conduct a fair investigation by not interviewing Plaintiff during the grievance proceedings. Thus, the facts alleged in the Complaint through the Arbitration Award, incorporated by Plaintiff into the Complaint, show that the Union did undertake a defense on behalf of Plaintiff.

9

Plaintiff has alleged no facts in his Amended Complaint to suggest that Defendant Union's actions were arbitrary, discriminatory, or in bad faith.[8]  Furthermore, the report of the arbitrator demonstrates that Defendant Union acted within the range of reasonableness and adequately advocated on behalf of the Plaintiff.  The duty of fair representation does not include a guarantee of a favorable outcome.  Therefore, Plaintiff's claim against Defendant Union for a breach of the duty of fair representation is dismissed.[9]

**E.  Right to Bring Action**

Since Plaintiff has not alleged sufficient facts to vacate the arbitration award or to show that Defendant Union breached the duty of fair representation, Plaintiff does not have the right to bring an action against his employer in his capacity as an individual employee.

---

[8] Plaintiff's conclusory allegations with regard to Defendant Union's failure to involve him in the grievance proceedings and failure to raise defenses on his behalf are insufficient to withstand a Rule 12(b)(6) motion to dismiss.

[9] Plaintiff also failed to perfect service on Defendant Union by delivering the summons and Amended Complaint to a secretary employed by Defendant.  Rule 4 provides that a corporation, partnership or association must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Defendant Union's secretary does not qualify as an officer, managing or general agent, or other agent authorized to receive service. *See Masters v. Air Line Pilots Association*, 144 Ga. App. 350 (1977) (holding that service of process upon a union office secretary was legally insufficient to establish personal jurisdiction).

10

**III.     Conclusion**

The court DENIES AS MOOT Defendant Golden State's motion to dismiss [2]. The court GRANTS Defendants' motions to dismiss [10, 19]. The Clerk of the Court is DIRECTED to DISMISS WITH PREJUDICE Plaintiff's Amended Complaint.

**IT IS SO ORDERED** this 30th day of July, 2012.

                                                S/   J. Owen Forrester

                                                J. OWEN FORRESTER

                                                SENIOR DISTRICT JUDGE

AO 72A
(Rev.8/82)